**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ENVIRONMENTAL INTEGRITY PROJECT<br>1000 Vermont Avenue NW, Suite 1100<br>Washington, DC 20005,<br><br>SIERRA CLUB<br>2101 Webster Street, Suite 1300<br>Oakland, CA 94612,<br><br>*Plaintiffs*,<br><br>v.<br><br>MICHAEL REGAN, in his official capacity as Administrator of the U.S. Environmental Protection Agency,<br>Mail Code 1101A<br>1200 Pennsylvania Avenue NW<br>Washington, DC 20460,<br><br>*Defendant*. | Civil Action No. 1:21-cv-3096<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

**INTRODUCTION**

1. Plaintiffs Environmental Integrity Project and Sierra Club bring this civil action for declaratory and injunctive relief pursuant to the citizen suit provision of the Clean Air Act, 42 U.S.C. § 7401 *et seq*., seeking to compel Michael Regan, in his official capacity as Administrator of the United States Environmental Protection Agency ("EPA") to perform a nondiscretionary duty prescribed by the Act. Specifically, Plaintiffs seek to compel EPA to perform its nondiscretionary duty to respond to Plaintiffs' petition asking the Agency to object to the Clean Air Act "Title V" operating permit for BP Products North America, Inc.'s ("BP's") Whiting refinery.

2. Pursuant to Title V of the Clean Air Act, 42 U.S.C. §§ 7661-7661f, it is unlawful for any person to operate a major source of air pollution "except in compliance with a permit issued by a permitting authority" under Title V. 42 U.S.C. § 7661a(a).

3. States may assume primary authority for administering their own Title V operating permit programs, subject to EPA's oversight. The Act requires state permitting authorities to forward any proposed issuance, modification, or renewal of a Title V permit to EPA for review. 42 U.S.C. § 7661d(a)(1)(B). The Act provides the Administrator with 45 days to review the proposed permit and states the Administrator must object to the permit if s/he finds that it does not comply with all applicable provisions of the Clean Air Act. *Id.* § 7661d(b)(1).

4. If the Administrator does not object to the permit, "any person may petition the Administrator within 60 days after the expiration of the 45-day review period" to object to the permit. 42 U.S.C. § 7661d(a)(1)(B). The Administrator "shall grant or deny such petition within 60 days after the petition is filed." *Id.* § 7661d(b)(2).

5. On July 22, 2021, Plaintiffs timely filed a petition with EPA for objection to a significant permit modification ("SPM") issued by the Indiana Department of Environmental Management ("IDEM") to Whiting refinery, which is located in Lake County, Indiana and owned and operated by BP. Ex. 1, Petition for Objection to Permit Number SPM 089-43173-00453 (July 22, 2021) ("Petition"). The Administrator has not granted or denied this Petition.

6. The permit modification eliminates particulate matter limits from Whiting refinery's Title V permit that are the subject of an ongoing "citizen suit" enforcement action Plaintiffs filed against BP in the U.S. District Court for the Northern District of Indiana, alleging that BP has violated these limits at stacks serving each of the five boilers that supply steam to the

Whiting refinery for several years.[1] IDEM approved the permit modification, which removes these federally enforceable emission limits, shortly after that court issued an order holding that BP is liable for repeated and ongoing violations of those same requirements since at least 2015. The Petition alleges that the revised permit authorizes higher levels of particulate matter emissions than allowed under the Clean Air Act and does not include monitoring sufficient to ensure compliance as required under Title V of the Act.

7. The Administrator's delay in granting or denying Plaintiffs' Petition thus directly harms Plaintiffs and frustrates their ability to ensure Whiting refinery's compliance with the requirements of the Clean Air Act. Accordingly, Plaintiffs respectfully request that this Court issue an order: (1) declaring that EPA, through Defendant Administrator Michael Regan ("Administrator"), is required to grant or deny Plaintiffs' Petition; (2) declaring that the Administrator has failed to perform this non-discretionary duty; and (3) requiring the Administrator to grant or deny Plaintiffs' Petition by no later than February 14, 2022.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to the citizen suit provision of the Clean Air Act, 42 U.S.C. § 7604(a)(2), which authorizes any person, after providing 60-day notice, to commence a civil action against the Administrator to compel the performance of a nondiscretionary duty under the Act.

9. This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1336 (granting district courts original jurisdiction

---

[1] Specifically, limits on emissions of particulate matter that is 10 microns or smaller in diameter. *See generally* Complaint, N.D. Indiana 2:19-cv-00337-PPS-JEM (Sept. 6, 2019) [DE 1].

over any action "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.").

10. The relief requested is authorized pursuant to 42 U.S.C. § 7604(a) of the citizen suit provision and 28 U.S.C. §§ 2201-2202. The Clean Air Act also authorizes this Court to award attorneys' fees and costs of litigation "to any party, whenever the court determines such award is appropriate." 42 U.S.C. § 7604(d).

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e)(1) because Defendant is an officer of the United States acting in his official capacity who officially resides within this District, a substantial part of the events giving rise to the claim occurred in this District, and at least one plaintiff physically resides in this District.

## NOTICE

12. On September 22, 2021, Plaintiffs served the Administrator via U.S. Postal Service certified mail (return receipt requested) with written notice of the claims stated in this action and of their intent to file suit after 60 days, as required by 42 U.S.C. § 7604(b)(1)(A) and EPA's regulations governing notice. 40 C.F.R. § 54.2(a) (requiring notice to the Administrator to be served by certified mail). *See* Ex. 2, Notice of Intent Letter, USPS Return Receipt and Electronic Delivery Confirmation.

13. Pursuant to EPA's regulations, notice to the Administrator was effective on September 22, 2021. 40 C.F.R. § 54.2(d) (notice "shall be deemed given on the postmark date").

14. More than 60 days have elapsed since Plaintiffs served the requisite notice without action by EPA to fulfill the mandatory duty described. 42 U.S.C. § 7604(b)(1)(A).

15. Plaintiffs have served a copy of the Complaint simultaneously upon the Attorney General of the United States and the EPA Administrator as required by 42 U.S.C. § 7604(c)(3).

## PARTIES

16. Plaintiff Environmental Integrity Project ("EIP") is a national nonprofit corporation founded to advocate for the effective enforcement of state and federal environmental laws, with a specific focus on the Clean Air Act and large stationary sources of air pollution, including oil and gas refineries such as Whiting refinery. EPA's failure to respond in a timely manner to Plaintiffs' Petition, which demonstrated that the Title V permit for one of the largest sources of air pollution in Indiana fails to comply with the Clean Air Act, adversely affects EIP's ability to assure that major sources of air pollution comply with federally enforceable public health protections.

17. Plaintiff Sierra Club is one of the Nation's largest and oldest grassroots nonprofit membership organizations, with 67 chapters and about 780,000 members, including in Indiana. The Indiana Chapter of the Sierra Club, known as the Hoosier Chapter, is headquartered in Indianapolis, Indiana and has approximately 10,300 members. Several members of the Hoosier Chapter live, and own or rent property, in close proximity to the Whiting refinery and are exposed to and adversely affected by emissions from Whiting refinery. Sierra Club petitioned the Administrator to object to the proposed permit modification at issue because it fails to comply with Clean Air Act requirements, and the Administrator's failure to perform his non-discretionary duty to grant or deny the Petition injures the organizational interests of Sierra Club as well as the concrete aesthetic, recreational, and health interests of its members.

18. Plaintiffs have an interest in ensuring that the Title V permit authorizing operation of the Whiting refinery complies with all applicable requirements of the Clean Air Act, and Plaintiffs and the members of Plaintiff Sierra Club are harmed by EPA's failure to timely respond to the Title V petition at issue here, as required by the Clean Air Act. Several members

of Plaintiff Sierra Club live, work, and recreate in areas that are affected by air pollution emitted from Whiting refinery (including the excess particulate matter emitted through the refinery's boiler stacks), and on April 14, 2021, the U.S. District Court for the Northern District of Indiana held that these members were injured by BP's repeated and ongoing violations of the same particulate matter limits that the permit modification eliminates. Ex. 3, Opinion and Order, N.D. Indiana 2:19-cv-00337-PPS-JEM (Apr. 14, 2021) [DE 48] at 14-21.

19. By removing the particulate matter limits at issue in that lawsuit and allowing particulate matter at unlawful levels under the Clean Air Act, the Title V permit modification at issue in Plaintiffs' Petition harms Plaintiffs and their members. EPA's failure to timely respond to Plaintiffs' Petition prolongs and increases that harm.

20. Defendant Michael Regan is the Administrator of EPA. The Administrator is responsible for implementing and enforcing the Clean Air Act, and his/her responsibilities include a nondiscretionary duty to grant or deny timely filed Title V petitions within 60 days.

21. For the foregoing reasons, the Administrator's failure to respond to Plaintiffs' Petition has caused, is causing, and will continue to injure Plaintiffs' organizational interests as well as the concrete aesthetic, recreational, and health interests of their members, unless this Court grants the relief requested.

## STATUTORY BACKGROUND

22. Congress enacted the Clean Air Act for the purpose of "protect[ing] and enhanc[ing] the quality of the Nation's air resources so as to promote the public health and welfare and the productive capacity of its population." 42 U.S.C.§ 7401(b)(1).

23. To further this goal, Congress amended the Act in 1990 to establish the Title V operating permit program, 42 U.S.C. §§ 7661-7661f. Title V states that "it shall be unlawful for

any person to violate any requirement of a permit issued under this subchapter, or to operate . . . a major source . . . except in compliance with a permit issued by a permitting authority under this subchapter." 42 U.S.C. § 7661a(a).

24. Under the Clean Air Act's scheme of cooperative federalism, EPA may approve a state's program to administer its own Title V operating permit program with respect to major sources within its borders. 42 U.S.C. § 7661a(d). EPA approved Indiana's administration of its Title V operating permit program in 2001, and accordingly IDEM is primarily responsible for issuing Title V operating permits in the State of Indiana. 66 Fed. Reg. 62969 (Dec. 4, 2001).

25. Each permit issued under Title V must include conditions sufficient to assure compliance with all applicable requirements of the Clean Air Act. 42 U.S.C. § 7661c(a). State permitting programs are subject to EPA oversight, and before IDEM may issue, modify, or renew a Title V permit, it must forward the proposed permit to EPA for review. 42 U.S.C. § 7661d(a)(1)(B). The Administrator then has 45 days in which to review the proposed permit and must object to its issuance if s/he determines that any portion of it does not comply with all applicable requirements of the Clean Air Act. 42 U.S.C. § 7661d(b)(1).

26. If the Administrator does not object to the permit within the 45-day review period, "any person may petition the Administrator within 60 days" to object to the permit. 42 U.S.C. § 7661d(b)(2).

27. "The Administrator <u>shall</u> grant or deny such a petition within 60 days after the petition is filed." 42 U.S.C. § 7661d(b)(2) (emphasis added).

28. The Clean Air Act authorizes citizen suits "against the Administrator where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator." 42 U.S.C. § 7604(a)(2).

## FACTUAL BACKGROUND

29. BP's Whiting refinery is located in Lake County, Indiana. Whiting refinery is a major source of air pollution as defined under the Act and is thus subject to Title V permitting requirements.

30. On September 6, 2019, Plaintiffs filed a citizen suit enforcement action in the U.S. District Court for the Northern District of Indiana alleging that, since at least 2015, BP had repeatedly violated, and was in continuing violation, of emission limits and testing requirements related to particulate matter contained in its Title V permit.

31. On September 6, 2019, Plaintiffs filed a citizen suit enforcement action in the U.S. District Court for the Northern District of Indiana alleging that BP had repeatedly violated, and was in continuing violation, of emission limits and testing requirements related to particulate matter contained in its Title V permit since at least 2015. *See generally* Complaint, N.D. Indiana 2:19-cv-00337-PPS-JEM (Sept. 6, 2019) [DE 1].

32. On August 19, 2020, BP submitted an application to IDEM which sought a modification to its Title V permit to eliminate the permit requirements at issue in Plaintiffs' enforcement action.

33. On November 6, 2020, IDEM published notice and issued an initial draft of Significant Permit Modification Number 089-43173-00453, the permit modification that is the subject of Plaintiffs' Petition, which proposed to grant BP's request and eliminate the permit requirements at issue in Plaintiffs' enforcement action. The public comment period for the draft permit ended on December 21, 2020.

34. On December 21, 2020, Plaintiffs submitted timely written comments to IDEM identifying numerous specific deficiencies contained in the draft permit.

35. On April 14, 2021, Judge Philip P. Simon of the U.S. District Court for the Northern District of Indiana issued an order holding that BP is liable for repeated and continuing violations of the particulate matter limits and testing requirements from its Title V permit. Ex. 3.

36. Also on April 14, 2021, and hours after Judge Simon issued his order finding BP liable for violating its permit, IDEM approved the permit modification eliminating the emission limits that were the subject of the court's order and forwarded the proposed permit to EPA for review.

37. EPA's 45-day review period for the proposed permit ended on May 29, 2021. EPA did not object to the proposed permit, and on June 2, 2021, IDEM issued the final permit.

38. On July 22, 2021, Plaintiffs timely filed with EPA a petition to object to the revisions to the Whiting Refinery Title V operating permit. 42 U.S.C. § 7661d(b)(2). The Petition was based on objections to the draft permit that were raised with reasonable specificity during the public comment period, as required by 42 U.S.C. § 7661d(b)(2).

39. Though the Administrator was required to grant or deny the Petition by September 20, 2021, he has not yet done so. 42 U.S.C. § 7661d(b)(2).

40. On September 22, 2021, Plaintiffs provided the Administrator with notice of their intent to sue for his failure to grant or deny their Petition within 60 days as required by the Act.

## CLAIMS FOR RELIEF

**VIOLATION OF 42 U.S.C.§ 7661d(b)(2)**
**Failure to Perform Nondiscretionary Duty of Responding to Plaintiffs' Petition**

41. Plaintiffs re-allege and incorporate the allegations set forth above in ¶¶ 1-40.

42. The Administrator has a nondiscretionary duty to respond to Plaintiffs' Petition to object to the permit modification at issue within 60 days. 42 U.S.C. § 7661d(b)(2) ("The Administrator shall grant or deny such a petition within 60 days[.]") (emphasis added).

43. The 60-day deadline for the Administrator to grant or deny Plaintiffs' Petition was September 20, 2021.

44. The Administrator has not granted or denied Plaintiffs' Petition.

45. The Administrator has failed to perform this nondiscretionary duty under the Clean Air Act and remains in violation of this obligation. Defendant has thus failed to perform nondiscretionary acts or duties within the meaning of 42 U.S.C. § 7604(a) of the Clean Air Act.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully request that this Court:

A. Declare that the Administrator has failed to perform a nondiscretionary duty by failing to grant or deny Plaintiffs' Petition within 60 days as required by 42 U.S.C. § 7661d(b)(2);

B. Order the Administrator to grant or deny the Petition by no later than February 14, 2022;

C. Retain jurisdiction over this action to ensure compliance with the Court's Order;

D. Award Plaintiffs their costs and fees related to this action; and

E. Award any such additional relief as the Court may deem just, proper, or necessary.

Respectfully submitted this the 23rd Day of November, 2021,

*s/ Sanghyun Lee*
Sanghyun Lee
DC Bar No. 1632212
Environmental Integrity Project
1000 Vermont Avenue NW, Suite 1100
Washington, DC 20005
Telephone: (202) 263-4441
Facsimile: (202) 296-8822
SLee@environmentalintegrity.org

*Counsel for Plaintiffs*